■ DANIEL HARDICK et al., Appellants, v ALLAN KARP, Doing Business as KARP KITCHENS, et al., Respondents. [687 NYS2d 419] —In an action to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated April 14, 1998, as granted the motion of the defendant Allan Karp for summary judgment dismissing the complaint insofar as asserted against him individually and denied that branch of their cross motion which was for summary judgment against all of the defendants on the issue of liability; and (2) a judgment of the same court entered April 28, 1998, dismissing the complaint insofar as asserted against Allan Karp individually.

Ordered that the appeal from so much of the order as granted the motion of the defendant Allan Karp for summary judgment dismissing the complaint insofar as asserted against him individually, and denied so much of the plaintiffs' cross motion as was for summary judgment on the issue of liability against that defendant individually is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from so much of the intermediate order as granted the motion of the defendant Allan Karp for summary judgment dismissing the complaint insofar as asserted against him individually, and denied so much of the cross motion as was for summary judgment on the issue of liability against that defendant individually must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in favor of that defendant in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant Allan Karp made out a prima facie case that he was not acting in anything other than a corporate capacity

in his dealings with the plaintiffs. The plaintiffs have failed to raise a triable issue of fact (*see,* CPLR 3212 [b]) as to this matter. Notably, the check which the plaintiffs used to make their initial payment to the defendants was made out to Karp Kitchens Ltd.

On their cross motion for summary judgment on the issue of liability, the plaintiffs have failed to come foward with evidence in admissible form showing that they are entitled to judgment as a matter of law (*see, GE Capital Mtge. Servs. v Mittelman,* 238 AD2d 471). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.